UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRADLEY E. STARK,                                    CIVIL NO. 05-1031 (DWF/JSM)

      Plaintiff,

v.                                                   REPORT AND RECOMMENDATION

RIGHT MANAGEMENT
CONSULTANTS,

      Defendant.

      JANIE S. MAYERON, U.S. Magistrate Judge

The above matter came on before the undersigned upon defendant's Motion to Dismiss or in the Alternative for Summary Judgment [Docket No. 3]. Defendant's motion was decided on the papers.[1] This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

For the reasons discussed below, IT IS RECOMMENDED THAT:

1.     Defendant's Motion to Dismiss or in the Alternative for Summary Judgment [Docket No. 3] be **GRANTED**; and

2.     Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

## I.    FACTUAL BACKGROUND

This matter arises out of plaintiff Bradley E. Stark's ("Stark") Title VII claims including that defendant Right Management Consultants ("RMC") sexually discriminated against him in the assignment of work and by his termination. See Complaint at p. 1. In addition, Stark

---

[1]    See September 14, 2005 Order [Docket No. 13].

alleged that he was retaliated against by RMC after he made a complaint of sexual discrimination. Id.

On August 19, 2004, Stark, with the assistance of his legal counsel, filed a charge of sex discrimination and reprisal under the Minnesota Human Rights Act ("MHRA") with the Minnesota Department of Human Rights ("MDHR"). See Affidavit of Daniel N. Lovejoy in Support of Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment ("Lovejoy Aff."), Ex. A. Stark also cross-filed his complaint with the Equal Employment Opportunity Commission ("EEOC") on September 1, 2004. Id., Ex. B.

On November 29, 2004, the MDHR sent a letter to Stark notifying him that his claims were being dismissed and that he could bring a civil action against RMC in district court within 45 days of receipt of the dismissal of this case. Id., Ex. D. Likewise, on February 18, 2005, the EEOC sent Stark and his counsel of record, by mail, a Dismissal and Notice of Rights letter stating that it was unable to conclude that a violation occurred and also included a notice of suit rights:

> You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost.

Id., Ex. E (emphasis in original).

Subsequently, Stark filed his Title VII complaint with this Court. According to the Official Court Electronic Document Filing System for the District of Minnesota, the Complaint in this matter was electronically filed with the Court on May 27, 2005. See Docket No. 1, Receipt Information.

Defendant RMC has brought a motion to dismiss or in the alterative for summary judgment on the grounds that Stark's Title VII lawsuit is time-barred because it was not commenced within the 90-day period after his receipt of the EEOC Dismissal and Notice of Rights letter.  See Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment ("Def.'s Mem.") at pp. 1-2.

## II.    STANDARD OF REVIEW

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts must view the complaint in the light most favorable to the non-moving party and may dismiss the complaint only if no relief can be granted under any set of facts that could be proven consistently with the complaint's allegations.  Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers).  However, "the court need not accept, as true, wholly conclusory allegations, or unwarranted factual inferences.  Moreover, in treating the factual allegations of a complaint as true, the court does not, however, blindly accept the legal conclusions drawn by the pleader from the facts."  Helleloid v. Indep. Sch. Dist. Number 361, 149 F.Supp.2d 863, 867 (D. Minn. 2001).  To avoid dismissal under Rule 12(b)(6), the "complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claims."  DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002).

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss.  However, this does not mean that only the Amended Complaint itself may

3

be reviewed.  As the Court noted in <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079

(8th Cir.1999):

> When considering a motion for judgment on the pleadings (or a
> motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court
> generally must ignore materials outside the pleadings, but it may
> consider 'some materials that are part of the public record or do
> not contradict the complaint,' <u>Missouri ex rel. Nixon v. Coeur
> D'Alene Tribe</u>, 164 F.3d 1102, 1107 (8th Cir.), <u>cert. denied</u>,
> __U.S.__, No. 98-1848, 1999 WL 319349 (U.S. June 24, 1999),
> as well as materials that are 'necessarily embraced by the
> pleadings.'  <u>Piper Jaffray Cos. v. National Union Fire Ins. Co.</u>,
> 967 F. Supp. 1146, 1152 (D. Minn. 1997).  <u>See also</u> 5A Charles
> Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure:
> Civil 2d</u> §1357, at 199 (1990)(court may consider 'matters of
> public record, orders, items appearing in the record of the case,
> and exhibits attached to the complaint').

Although the right to sue letters from the EEOC and the MDHR, along with this Court's

receipt of Stark's Complaint, are technically "outside the pleadings," they are matters of public

record that do not contradict the Complaint and are embraced by the pleadings.  Therefore,

the Court will consider them without converting defendant's motion to dismiss into a motion

for summary judgment.  <u>See</u> <u>Rogan v. Giant Eagle, Inc.</u>, 113 F.Supp.2d 777, 782 (W.D. Pa.

2000) (citations omitted) (finding that a court may properly consider as matters of public

record plaintiff's EEOC complaint and right to sue letter submitted with a defendant's Rule

12(b)(6) motion), <u>aff'd</u>, 276 F.3d 579 (3rd Cir. 2001); <u>see</u> <u>also</u> <u>Maldonado-Cordero v. AT & T</u>,

73 F. Supp.2d 177, 185 (D.P.R. 1999) (finding that "EEOC charges may be considered

either as a matter referenced in the complaint or as a public record subject to judicial notice.")

(citing <u>Allen v. WestPoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2nd Cir. 1991); <u>Gallo v. Bd. of

Regents of the Univ. of Cal.</u>, 916 F. Supp. 1005, 1007 (S.D. Cal. 1995) (in determining

whether the plaintiff filed a timely charge of discrimination with the EEOC, district court stated that it could consider both the EEOC right-to-sue letter and the EEOC charge either as referenced in the complaint or as a public record subject to judicial notice) (citations omitted).

## III.   DISCUSSION

Title VII prohibits employers from discriminating on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2.  However, "[a]n employee who receives a right to sue letter from the EEOC has 90 days in which to file suit."  <u>Spears v. Missouri Dept. of Corrections and Human Resources</u>, 210 F.3d 850, 853 (8th Cir. 2000) (citing 42 U.S.C. § 2000e-5(f)(1)).[2]  The 90-day time limit is not a "jurisdictional prerequisite to filing a Title VII lawsuit, but rather, is <u>more akin to a statute of limitations</u> and subject to waiver, estoppel, and equitable tolling under appropriate circumstances." <u>Hentosh v. Herman M. Finch University of Health Sciences</u>, 167 F.3d 1170, 1174 (7th Cir. 1999) (emphasis added); <u>see</u> <u>also</u> <u>Hill</u> <u>v.</u> <u>John</u>

---

[2]      Section 2000e-5(f)(1) provides in relevant part:

> If a charge filed with the Commission pursuant to subsection (b) of this section[ ] is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to  which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and <u>within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved.</u> . . .

(Emphasis added).

5

Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989).

"Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC." Hill, 869 F.2d at 1124.  In addition, "a presumption exists that an EEOC notice is received three days after mailing." Williams v. The Thomson Corp., No. Civ. 00-2256 (MJD/SRN), 2003 WL 1571559 at *7 (D. Minn. March 21, 2003) (citing Sherlock v. Montefiore Medical Ctr., 84 F .3d 522, 525 (2nd Cir. 1996); Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 947 (8th Cir. 1999)).

In this case, the right to sue letter from the EEOC, which was addressed to plaintiff and copied to his attorney, was mailed on February 18, 2005.  See Lovejoy Aff., Ex. E.  Based on the presumption for mailing, Stark is deemed to have received the right-to-sue notice on February 21, 2005.  However, as February 21, 2005 fell on President's Day, a federal holiday. and since there was no mail delivery on this day, Stark is deemed to have received the EEOC right-to-sue notice on February 22, 2005.  This is consistent with Stark's claims that he believes that he received the right-to-sue notice on February 22, 2005.[3]  See Plaintiff's Response to Defendants' Argument Alleging Untimeliness ("Pl.'s Response") at p. 1.

Since the 90-day filing period began to run on February 22, 2005, Stark needed to file his case in federal court on or before May 23, 2005.  However, as stated previously, the Complaint in this matter was electronically filed with the Court on May 27, 2005.  See Docket No. 1, Receipt Information.  In other words, Stark's filing of his action was after the required 90-day filing limit.

---

[3]     This Court also notes that RMC's counsel received the letter on February 22, 2005. See Lovejoy Aff., ¶ 7.

Stark asserted in his papers that he filed a Civil Cover Sheet, Summons, and Complaint electronically on the evening of May 23, 2005.  See Pl.'s Response at p. 2. According to Stark, he was contacted by the Clerk of Court on May 24, 2005 and notified that he had failed to submit an IFP Petition or payment of the $250 filing fee.  Id.  Stark allegedly sent his payment to the Court on May 26, 2005.  Id.

Accepting Stark's assertions as true, this Court finds that Stark's filing was not complete until the payment of the $250 filing fee was received by the Clerk of Court.  Federal Rule of Civil Procedure 5(e) states that "[t]he filing of papers with the court as required by these rules shall be made by filing them with the clerk of court."  Fed. R. Civ. P. 5(e).  Under 28 U.S.C. § 1914(a), "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding . . . to pay a filing fee of $ 250[.]"  The Eighth Circuit has found that "[p]ayment of a filing fee is mandatory for a party instituting a civil action."[4]  Brooks v. Special School Dist. of St. Louis County, No. 96-4125, 1997 WL 633107 at *1 (8th Cir. 1997) (unpublished per curiam) (citing 28 U.S.C. § 1914 (1994)).

In addition, "[e]ach district court by rule or standing order may require advance payment of fees."  28 U.S.C. § 1914(c).  The Local Rules for the United States District Court for the District of Minnesota provide that "[s]tatutory fees . . . shall be collected in advance . . . except when, by order of the Court in a specific case, filing and proceeding in forma pauperis is permitted. . . ."  Local Rule 4.2(a).  Further, Local Rule 4.2(c) allows the Clerk of Court to "refuse to docket or file any suit or proceeding . . . until the fees of the Clerk are paid, except

---

[4]      In Brooks, the Eighth Circuit affirmed the dismissal of a plaintiff's Title VII complaint for failure to pay the filing fee where plaintiff's check for the filing fee was returned for insufficient funds and plaintiff had failed to pay the filing fee four months later.  1997 WL 633107 at *1.

for in forma pauperis cases."  It is also important to note that Stark attempted to file his

Summons and Complaint through the electronic case filing system.  The Civil Electronic Case

Filing Procedures for the District of Minnesota provides that a "case will not be filed until the

initiating documents, civil cover sheet, and filing fee or IFP have all been received together by

the District Court.  See Local Rule 5.4, Civil Electronic Case Filing Procedures for the District

of Minnesota, section II.A.2.a.(2).[5]

Based on 28 U.S.C. § 1914(c), which allows a court by local rule to require advance

payment of fees, and the Local Rules for this District, this Court finds that plaintiff's action was

filed on May 27, 2005, the day that the Clerk of Court had all of Stark's papers and the filing

fee in its possession.[6]

---

[5]    See also Local Rule 5.4, Civil Electronic Case Filing Procedures for the District of
Minnesota, section II.A.2.c., which provides:

> New cases are filed the day the clerk's office receives the
> initiating documents AND the required filing fee or IFP form
> together. If the clerk's office has initiating documents in their
> possession, but has not received the required filing fee, staff
> cannot assign and open the case.

[6]    This Court notes that the Eighth Circuit's decision in Lyons v. Goodson, 787 F.2d 411
(8th Cir. 1986) may suggest a different result.  In Lyons, the pro se prisoner initially sent
multiple copies of his complaint to the District Court before the statute of limitations had
expired.  Id. at 411. The court returned the complaint to the plaintiff, along with an explanatory
form letter indicating that two more copies were needed.  Id.  The plaintiff complied with the
copy requirement after the statute of limitations on his claim had run.  Id. The defendant
subsequently moved to dismiss the action and the district court, noting a filing date that was
consistent with the date he provided the proper amount of copies under the local rules,
dismissed the complaint as barred by the statute of limitations.  The Eighth Circuit reversed
stating that "for purposes of the statute of limitations, a complaint is 'filed' when it is lodged
with the court even though it is technically deficient under local rules."  Id. at 412.  The Eighth
Circuit's ruling is consistent with the Federal Rules of Civil Procedure Rule 5, which provides
that a clerk of court "shall not refuse to accept for filing any paper presented for that purpose
solely because it is not presented in proper form as required by these rules or any local rules

Stark argued that this Court should consider his case to have been filed on May 23, 2005, considering his good faith mistake as a pro se litigant and since the Clerk of Court never informed him that his suit would not be filed until the fee was received.  See Pl.'s Response at p. 2.  As stated previously, the 90-day limitation period of 42 U.S.C. § 2000e-5(f)(1) is not jurisdictional and is therefore, subject to equitable tolling.  See Hill, 869 F.2d at 1124.  "'Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands.'"  Williams v. Thomson Corp. 383 F.3d 789, 791 (8th Cir. 2004) (quoting Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990)).  Stark has stated that the Clerk's Office never told him that his filing fee had to be received in order to open his file.  However, the Clerk's Office is not a source of legal information for parties and does not have an affirmative duty to provide litigant with the requirements of bringing and maintaining a civil action.  See e.g., Bennett v. Dr Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002) (finding that the court was not responsible for advising a pro se litigant, of the date by which he was to respond to a defendant's motion for summary judgment).  Stark, as a pro se litigant, was responsible for being familiar for the filing rules and statutes.  See Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir.1983) (per curiam) (citations omitted) (finding that pro se litigants are not excused from compliance with procedural and local rules).

Moreover, in this case, Stark waited 11:27 p.m. on May 23, 2005 to email his Summons and Complaint to the Court through the new cases email system.  Under Civil

---

or practices."  Fed. R. Civ. P. 5(e).  However, in this case, authority to require the advance payment of the filing fee comes from Congress under 28 U.S.C. § 1914(c).  In addition, this case is not like Lyons, were the mistake by the plaintiff was one of the form of the pleadings submitted.  But see, Smith v. Planned Parenthood of the St. Louis Region, 327 F. Supp.2d 1016 (E.D. Mo. 2004).

Electronic Case Filing Procedures for the District of Minnesota § II.A.2.d, "[n]ew cases shall be filed between 8:00 a.m. and 5:00 p.m. Central Time on regular business days." As such, even if Stark had submitted his filing fee at the same time as his Summons and Complaint, his filing would have been untimely as it was submitted after 5 p.m. on May 23, 2005.

In summary, Stark waited until after the "eleventh hour" to file his case, and in doing so, did not give himself time to rectify any defect in his filing. This lack of diligence on the part of Stark cannot serve to equitably toll the 90-day requirement. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to e xcuse that lack of diligence."). Although this Court is aware of Stark's pro se status, "'[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'" Shempert v. Harwick Chem. Corp., 151 F.3d 793, 797 (8th Cir. 1998) (quoting Baldwin, 466 U.S. at 152).

## RECOMMENDATION

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that:

1.      Defendant's Motion to Dismiss or in the Alternative for Summary Judgment [Docket No. 3] be **GRANTED**; and

2.      Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

Dated:         December 5, 2005

s/ *Janie S. Mayeron*

JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **December 22, 2005** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.